13-1370 (L)
Dedi v. Holder

BIA
A078 519 705
A098 358 211
A098 358 213

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand fifteen.

PRESENT:
        RALPH K. WINTER,
        GUIDO CALABRESI,
        ROSEMARY S. POOLER,
            *Circuit Judges.*

_____

DAVID DEDI, AKA ANTONIO DI MEGLIO,
ALBINE DEDI, XHULIO DEDI,
        *Petitioners,*

                                        13-1370 (L),
        v.                              13-1373 (Con)
                                        NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:        Charles Christophe, New York, New
                        York.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Shelley R. Goad, Assistant
                        Director; Russell J.E. Verby, Senior

**Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

David, Albine, and Xhulio Dedi, natives and citizens of Albania, seek review of two March 22, 2013, decisions of the BIA denying their motion to reopen. *In re David Dedi*, No. A078 519 705 (B.I.A. Mar. 22, 2013); *In re Albine Dedi, Xhulio Dedi*, Nos. A098 358 211, A098 358 213 (B.I.A. Mar. 22, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file one motion to reopen within 90 days of the agency's final administrative decision.  8 U.S.C. § 1229a(c)(7)(A), (C)(i).  It is undisputed that the Dedis' motion was untimely and number-barred because they filed it more than five years after the agency's final orders of removal, and they previously had moved to reopen proceedings.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). However, there are no time and numerical limitations for filing a motion to reopen if it "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in concluding that the Dedis failed to satisfy the changed country conditions exception.  Their assertion that former communists in Albania had harmed their family member and would harm them on account of their membership in the Democratic Party is essentially the same claim that they asserted in their initial asylum applications and hearings.  *See* 8 U.S.C.

3

§ 1229a(c)(7)(C)(ii); *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Moreover, as the BIA noted, the 2011 U.S. Department of State Country Report on Human Rights Practices in Albania submitted with their motion did not demonstrate a material change in country conditions as it did not indicate that anyone targets or harms Democratic Party members. Finally, the BIA did not err in rejecting the motion as to David Dedi because he did not rebut the agency's underlying adverse credibility determination. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (concluding that the BIA did not err in finding petitioner's evidence in support of reopening immaterial because it did not rebut the agency's underlying adverse credibility determination).

Accordingly, the BIA reasonably concluded that the Dedis failed to demonstrate material changed country conditions, and it did not abuse its discretion in denying

4

their motion to reopen as untimely and number-barred.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk